IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **PARESH PATEL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DIPLOMAT 1419VA HOTELS, LLC; RAJESH C. PATEL; MUKESH C. PATEL; DIPLOMAT COMPANIES, LLC; SURREY CAPITAL, LLC; SHAMA PATEL; JAY R. PATEL; and RM HOTELS, INC.,**<br><br>**Defendants.** | : | **CIVIL ACTION NO. 1:13-CV-1588-SCJ** |

**ORDER**

This matter appears before the Court on Defendants' Motions to Dismiss for (1) lack of subject-matter jurisdiction and (2) for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Docs. No. [67], [68].[1] The Court must first inquire into whether subject-matter jurisdiction exists, because federal courts are courts of limited jurisdiction, and are "empowered to hear only those cases within the judicial power of . . . Article III of the Constitution or otherwise authorized by Congress." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also DiMaio v. Democratic Nat'l

[1] Although Defendant Mukesh C. Patel ("M. Patel") filed his own motion to dismiss, the motions to dismiss are discussed together in this order because the other Defendants' motion to dismiss simply adopts the arguments of M. Patel's motion to dismiss. See Doc. No. [68].

AO 72A
(Rev.8/82)

Comm., 520 F.3d 1299, 1303 (11th Cir.2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). Since subject-matter jurisdiction involves a court's power to hear a case, it cannot be forfeited or waived and may be raised by a party "at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants argue that the Court lacks diversity jurisdiction[2] over this matter because complete diversity of citizenship is lacking. Doc. No. [67-1], pp. 4–5; see also Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir.1989).In his complaint, Plaintiff—a citizen of Florida—alleges that he is a member of Defendant Diplomat 1419VA Hotels, LLC ("Diplomat Hotels")—a Georgia limited-liability company. Doc. No. [65], pp. 2–3, ¶¶1–2. For the purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th

[2] Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, is the only basis for subject-matter jurisdiction asserted in the complaint. See Doc. No. [65], p. 7, ¶11.



AO 72A
(Rev.8/82)

Cir. 2004). Thus, as Defendants correctly note, if this allegation is true, the Court lacks diversity jurisdiction over this case. Doc. No. [67-1], pp. 4–5.

In response, Plaintiff notes that Defendants have elsewhere argued that he is not a member, and thus diversity would be intact. Doc. No. [72], pp. 10–11.But Plaintiff cannot rely on Defendants' answer and the operating agreement for Diplomat Hotels becase the motions to dismiss are "a facial attack on the complaint," and thus the Court can rely on "only the complaint and the attached exhibits." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008). Although Plaintiff wants the Court to disregard the allegations of his complaint, when deciding a facial challenge to the complaint, "all of the factual allegations concerning jurisdiction are presumed to be true." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993). "[I]f a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). Because Plaintiff's complaint alleges that he is a member of Diplomat Hotels, he fails to properly allege diversity and the complaint is facially deficient. Doc. No. [65], p. 2, ¶1.



AO 72A
(Rev.8/82)

Defendants' Motions to Dismiss (Docs. No. [67], [68]) are **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Court does not reach the question of whether a properly-pled complaint could establish that Plaintiff has only a limited liability company interest in Diplomat Hotels and is not a member. It is "the party invoking federal jurisdiction [who] bears the burden of establishing its existence." Stalley, 524 F.3d at 1232.

**IT IS SO ORDERED,** this 17th day of November, 2016.

Steve C. Jones

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)